## UNITED STATES *v.* OWEN *et al.*

*(District Court. D. Vermont.* October 23, 1891.)

**1. UNITED STATES CONSULS—CLERK HIRE—ACTION ON BOND.**

In an action on the official bond of a United States consul, the condition of which requires him to deliver up all fees and moneys which shall come to his hands, as provided by Rev. St. U. S. § 1697, he is not liable for money paid, under the direction of the state department, to a clerk appointed by the president; although Rev. St. U. S. § 1696, provides that the only allowance to any vice-consulate or consular agency for expenses shall be an amount sufficient to pay for stationery and postage on official letters.

**2. SAME—ACCOUNTING—MONEY PAID BY MISTAKE.**

Where a United States consul has paid over to the United States moneys belonging to himself under an impression that they were fees belonging to the government, he is entitled, at any time before final settlement, to be credited with the amount thereof.

At Law.   On motion for new trial.

*Frank Plumley,* U. S. Atty., for plaintiff.

*F. G. Swinington,* for defendants.

WHEELER, J.   This is in an action of debt upon the bond of the defendant Owen, as consul at Messina, Italy.   The part of the condition in question is that he shall truly and faithfully account for and deliver up all fees and moneys which shall come to his hands, etc. The books of the treasury department show $1,251.69 due from him. Besides this balance, he has paid $895.65 for clerk hire under orders of the state department; $202.93 for stationery for the consular agency at Catania under his charge; and $170.50 erroneously supposed to belong to the government, but in fact belonging to himself.   If allowed these items, he would have a small balance in his favor.   Allowance of them is understood to have been refused because they had not been provided for in the appropriation bills of the current years.   The constitution provides that "no money shall be drawn from the treasury but in consequence of appropriations made by law."   The allowance of proper items of expenses in the settlement of such an account would not, however, seem to be drawing money from the treasury, within the meaning of this clause.   But if it would be in such settlement with the officer himself, it might not be in an action on the bond; that would be determined by the condition of the bond.   The condition here merely requires that the money shall be accounted for, as between the consul and the United States, according to the statute requiring the bond.   Rev. St. U. S. § 1697.   This consul has received moneys belonging to the United States.   The question is whether it is accounted for according to the terms of the bond.   The president was authorized to appoint consular clerks, and to fix their compensation.   The clerk to whom this compensation was made had been appointed before this bond was given, but the compensation was increased during its time through the state department, and it was allowed in the settlement of the consul's accounts up to the time in question.   The president would act through the state

department in fixing the compensation, and neither the consul or his sureties would be bound to look back of that department for such action. *Wolsey v. Chapman*, 101 U. S. 755; *U. S. v. Badeau*, 31 Fed. Rep. 697. The statutes provide that the only allowance to a consular agency for expenses "shall be an amount sufficient to pay for stationery and postage on official letters." The stationery in question was printed blanks, which would seem to have been proper and necessary. The money paid over for fees supposed to belong to the government was none the less paid over; it was not applied where it should have been. The correction could well be made at any time before the accounts should be settled, at least, and they have not been finally settled before now. Thus the principal in the bond appears to have fully accounted for all the moneys covered by it, and more. A verdict was directed for the defendant on these facts appearing, and a motion for a new trial entered, which is now, for these reasons, overruled. Judgment on verdict.